■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v COSMO LOMBARDOZZI, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, entered April 11, 1978, which, *inter alia,* granted defendant's motion to (1) suppress the minutes of his testimony before a Kings County Grand Jury, upon the ground that such testimony constituted evidence derived from intercepted communications previously suppressed by order of the same court, dated May 6, 1977, and (2) dismiss the indictment charging defendant with criminal contempt in the first degree, upon the ground that absent the suppressed Grand Jury testimony, the People could not proceed to trial. Order reversed, on the law, and indictment reinstated. The defendant was indicted for criminal contempt in the first degree in that the defendant "gave answers that were evasive, equivocal and specious, in that such answers were given to mislead, confuse and deceive the Grand Jury in its investigation, said answers being tantamount to no answer[s] at all, being employed as a subterfuge on the part of the witness to avoid answering the questions propounded to him." Thereafter the court granted a motion to suppress the tapes of certain conversations on the ground that the People had delayed in the sealing of the tapes, without satisfactory explanation. The defendant then moved to (1) suppress the minutes of his testimony before the Grand Jury on the theory that they were the fruit of the inadmissible tapes, and (2) dismiss the indictment because criminal contempt could not lie in the absence of the minutes. Criminal Term granted the motion. We reverse. The record shows that the defendant did not object to any question before the Grand Jury on the ground that it was based on unlawful electronic eavesdropping. But beyond this, the illegality of the surveillance "is available to a witness, however, only where he remains silent refusing to testify before the Grand Jury. It is not available to a witness who although choosing to testify does so in an evasive, equivocal or patently false manner." *(People v McGrath,* 46 NY2d 12, 29.) Here, the indictment clearly alleges that the claimed contempt is predicated on the defendant's evasive and equivocal answers, and not on his refusal to answer. Hopkins, J. P., Titone, Gulotta and Cohalan, JJ., concur.